## W. S. Botts v. J. D. Norwood et al.

Deeds of Trust — Uncertainty of Description — Construction.

A trust deed contained the following wording, in reference to personal property conveyed therein "*All my personal property, consisting of* all the stock of horses, cattle, sheep and hogs," and " all his farming utensils of every kind and description except such property as is exempt by law from execution." *Held*, that this does not convey any personalty except as actually described by wording in the instrument, and does *not* cover *all* the personal property of the mortgagor.

Same.

The wording of a trust deed which contains " all the personal property," " consisting of," is held to limit and define the kind of personalty conveyed and transfers all of each class named thereafter as constituting the personal property to be embraced in the deed.

APPEAL FROM FLEMING CIRCUIT COURT.

April 24, 1867.

Opinion of the Court by Judge Williams:

Norwood made a deed of trust to Dudley for the benefit of his creditors February 14, 1863. N. S. Botts, a judgment creditor, had his execution levied on the slaves of Norwood, several in number, when Norwood sued out an injunction to prevent the sale, insisting that they were conveyed by said deed for the benefit of all his creditors, which Botts denies, and this is the important question in the case.

After conveying his land by description, the deed contained the following:

" also all the personal property of said John D. Norwood except his household and kitchen furniture as hereinafter named, consisting of all the stock of horses, cattle, sheep, and · hogs now owned by said Norwood, and all his farming implements and utensils of every description and kind except such property as is exempt by law from execution, and said Norwood having but little, if any, household and kitchen furniture which is not exempt from execution, he does not convey said articles of household and kitchen goods and furniture

hereby, but reserves the same as also other property as is exempt by law from execution."

Although this conveyance is in somewhat unskillful language, yet we think when properly analyzed and transposed it is comparatively free from difficulty. The conveyance is of all his personal property consisting of " all the stock of horses, cattle, sheep, and hogs," and "all his farming utensils of every kind and description, except such property as is exempt by law from execution," and "having but little, if any, household and kitchen furniture which is not exempt from execution," none of it is conveyed. With this analysis and transposition it is apparent that the slaves were not conveyed, and were, therefore, liable to the execution of appellant; the injunction was wrongfully sued out, and erroneously sustained by the court. Had there been no description as to what the personalty consisted of, the deed would have conveyed all the personal property of Norwood of every kind save that embraced in the exceptions, but when after using the term " all the personal property," it is added " consisting of," this limits and defines the kind of personalty conveyed and transfers all of each class named as constituting the personal property embraced without a more minute description, but it could not transfer the title to any personalty not described as constituting any part of the general property intended to be embraced under the general term of personal property. The exception of his household and kitchen furniture from the operation of the deed, when it is not named as a constituent element of the personal property conveyed, it is insisted evidences that he understood and intended that all his personal property of every kind should be and was embraced, save only such as was excepted, but this seems to be by the way of abundant caution, for the sentence should be intended to name the property to be conveyed; it is as follows: " also all the personal property of said John D. Norwood, except his household and kitchen furniture, as hereinafter named, consisting," etc. The conveyance was of all his personal property hereinafter to be named, consisting, etc., and his excepting his household and kitchen furniture when he says it was nearly or quite all exempt from execution, cannot enlarge the description of the property conveyed when his intent to describe it is so plainly manifested, followed, as it is, with a description of its constituent elements. This designation of the property conveyed could scarcely be determined to embrace bank stock, an-

nuities, or legacies, and yet these would be embraced by the same parity of reasoning, and this is not weakened because these might have passed by a subsequent provision of the deed.

Wherefore, the judgment perpetuating the injunction is reversed, with directions to the court below to dissolve said injunction, and for further proceedings as herein indicated.

*Botts,* for Appellant.

*Phister,* for Appellees.